IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND DONALD CLARK, ) | |
| ) | No. C 08-02547 JW (PR) |
| Plaintiff, ) | |
| ) | ORDER OF DISMISSAL |
| vs. ) | |
| ) | |
| JOHN F. SCHUCK, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, a prisoner at the California State Prison - Corcoran, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983, against defendant, a court appointed appellate attorney who represented plaintiff in his state criminal appeal. Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.08\Clark02547_dismissal.wpd

1  claims or dismiss the complaint, or any portion of the complaint, if the complaint "is
2  frivolous, malicious, or fails to state a claim upon which relief may be granted," or
3  "seeks monetary relief from a defendant who is immune from such relief." Id. §
4  1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police
5  Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

6      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
7  elements: (1) that a right secured by the Constitution or laws of the United States
8  was violated, and (2) that the alleged violation was committed by a person acting
9  under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

10  B.    <u>Legal Claims</u>

11      Plaintiff claims that defendant: 1) engaged in "criminal malpractice," and 2)
12  "obstruction of justice and conspiracy to commit the same." (Compl. 2.)

13      The first claim must fail because one cannot sue his lawyer for allegedly
14  ineffective assistance or malpractice in a § 1983 action. An attorney performing a
15  lawyer's traditional functions as counsel to a defendant in criminal proceedings does
16  not act under color of state law, as a person must to be liable under § 1983. See Polk
17  County v. Dodson, 454 U.S. 312, 325 (1981) (public defender does not act under
18  color of state law when performing a lawyer's traditional functions as counsel to a
19  defendant in a criminal proceeding); Franklin v. Oregon, 662 F.2d 1337, 1345 (9th
20  Cir. 1981). The allegations of the complaint concern alleged deficiencies in
21  defendant's representation of plaintiff during his criminal appeals. They thus fall
22  squarely within the scope of work that Polk County has determined is not actionable
23  under § 1983. Accordingly, this claim is DISMISSED for failure to state a claim
24  upon which relief may be granted. 28 U.S.C. § 1915A(b).

25      Plaintiff's second allegation states that defendant engaged in a "RICO
26  conspiracy to obstruct justice and deny [plaintiff's] federal grounds for appeal."
27  (Compl. 3.) This claim fails. To state a civil RICO claim, plaintiff must allege: (1)
28  conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5)

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.08\Clark02547_dismissal.wpd     2

causing injury to plaintiff's business or property. <u>Ove v. Gwinn</u>, 264 F. 3d 817, 825 (9th Cir. 2001) (citing 18 U.S.C. § 1964(c)).  Civil rights violations and injury to reputation do not fall within the statutory definition of "racketeering activity" and fail to state a RICO claim.  See <u>Bowen v. Oistead</u>, 125 F.3d 800, 806 (9th Cir. 1997).  Plaintiff cannot meet the requirements to state a RICO claim because even if he were permitted to amend the complaint to allege civil rights violations by defendant, such violations would not be fall within the statutory definition of "racketeering activity" for a RICO claim.  <u>Id.</u>  Plaintiff fails to state a claim upon which may be granted under § 1983, and no amendment can cure this defect.  Accordingly, this claim is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b).

If plaintiff wishes to challenge his conviction and/or sentence, a petition for writ of habeas corpus is the exclusive method by which he may challenge a state court conviction in this court.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).  Before he may file a federal petition, however, plaintiff must exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court.  <u>See</u> 28 U.S.C. § 2254(b)(1)(A),( c); <u>Duckworth v. Serrano</u>, 454 U.S. 1, 3 (1981).

## CONCLUSION

For the foregoing reasons, the complaint fails to state a claim upon which relief may be granted and is DISMISSED with prejudice.  28 U.S.C. § 1915A(b).

DATED:  August 12, 2008

JAMES WARE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.08\Clark02547_dismissal.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RAYMOND D. CLARK,

        Plaintiff,

  v.

JOHN F. SCHUCK,

        Defendant.

Case Number: CV08-02547 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   8/14/2008  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raymond Donald Clark D-99370
California State Prison - Corcoran
P. O. Box 8800
Corcoran, Ca 93212

Dated:   8/14/2008

        Richard W. Wieking, Clerk
        /s/ By: Elizabeth Garcia, Deputy Clerk