1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

**United States District Court**
For the Northern District of California

11   RAYMOND DONALD CLARK,            )
                                      )      No. C 08-02547 JW (PR)
12                  Plaintiff,        )
                                      )      ORDER OF DISMISSAL
13        vs.                         )
                                      )
14                                    )
     JOHN F. SCHUCK,                  )
15                                    )
                    Defendant.        )
16   _____)

17

18        Plaintiff, a prisoner at the California State Prison - Corcoran, has filed a <u>pro</u>

19   <u>se</u> civil rights complaint for damages under 42 U.S.C. § 1983, against defendant, a

20   court appointed appellate attorney who represented plaintiff in his state criminal

21   appeal.  Plaintiff's motion for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> will be addressed

22   in a separate order.  The Court now reviews the complaint pursuant to 28 U.S.C. §

23   1915A(a).

24                              **DISCUSSION**

25   A.        <u>Standard of Review</u>

26        Federal courts must engage in a preliminary screening of cases in which

27   prisoners seek redress from a governmental entity or officer or employee of a

28   governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.08\Clark02547_dismissal.wpd

United States District Court

For the Northern District of California

1   claims or dismiss the complaint, or any portion of the complaint, if the complaint "is

2   frivolous, malicious, or fails to state a claim upon which relief may be granted," or

3   "seeks monetary relief from a defendant who is immune from such relief." Id. §

4   1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police

5   Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

6          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

7   elements: (1) that a right secured by the Constitution or laws of the United States

8   was violated, and (2) that the alleged violation was committed by a person acting

9   under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

10  B.    Legal Claims

11         Plaintiff claims that defendant: 1) engaged in "criminal malpractice," and 2)

12  "obstruction of justice and conspiracy to commit the same." (Compl. 2.)

13         The first claim must fail because one cannot sue his lawyer for allegedly

14  ineffective assistance or malpractice in a § 1983 action. An attorney performing a

15  lawyer's traditional functions as counsel to a defendant in criminal proceedings does

16  not act under color of state law, as a person must to be liable under § 1983. See Polk

17  County v. Dodson, 454 U.S. 312, 325 (1981) (public defender does not act under

18  color of state law when performing a lawyer's traditional functions as counsel to a

19  defendant in a criminal proceeding); Franklin v. Oregon, 662 F.2d 1337, 1345 (9th

20  Cir. 1981). The allegations of the complaint concern alleged deficiencies in

21  defendant's representation of plaintiff during his criminal appeals. They thus fall

22  squarely within the scope of work that Polk County has determined is not actionable

23  under § 1983. Accordingly, this claim is DISMISSED for failure to state a claim

24  upon which relief may be granted. 28 U.S.C. § 1915A(b).

25         Plaintiff's second allegation states that defendant engaged in a "RICO

26  conspiracy to obstruct justice and deny [plaintiff's] federal grounds for appeal."

27  (Compl. 3.) This claim fails. To state a civil RICO claim, plaintiff must allege: (1)

28  conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5)

United States District Court

For the Northern District of California

1  causing injury to plaintiff's business or property.  <u>Ove v. Gwinn</u>, 264 F. 3d 817, 825

2  (9th Cir. 2001) (citing 18 U.S.C. § 1964(c)).  Civil rights violations and injury to

3  reputation do not fall within the statutory definition of "racketeering activity" and

4  fail to state a RICO claim.  <u>See</u> <u>Bowen v. Oistead</u>, 125 F.3d 800, 806 (9th Cir.

5  1997).  Plaintiff cannot meet the requirements to state a RICO claim because even if

6  he were permitted to amend the complaint to allege civil rights violations by

7  defendant, such violations would not be fall within the statutory definition of

8  "racketeering activity" for a RICO claim.  <u>Id.</u>  Plaintiff fails to state a claim upon

9  which may be granted under § 1983, and no amendment can cure this defect.

10  Accordingly, this claim is DISMISSED with prejudice for failure to state a claim

11  upon which relief may be granted.  28 U.S.C. § 1915A(b).

12       If plaintiff wishes to challenge his conviction and/or sentence, a petition for

13  writ of habeas corpus is the exclusive method by which he may challenge a state

14  court conviction in this court.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).

15  Before he may file a federal petition, however, plaintiff must exhaust state judicial

16  remedies, either on direct appeal or through collateral proceedings, by presenting the

17  highest state court available with a fair opportunity to rule on the merits of each and

18  every issue he seeks to raise in federal court.  <u>See</u> 28 U.S.C. § 2254(b)(1)(A),( c);

19  <u>Duckworth v. Serrano</u>, 454 U.S. 1, 3 (1981).

20

21                              **CONCLUSION**

22       For the foregoing reasons, the complaint fails to state a claim upon which

23  relief may be granted and is DISMISSED with prejudice.  28 U.S.C. § 1915A(b).

24

25  DATED: _____          _____
                August 12, 2008

26                                          JAMES WARE
                                            United States District Judge

27

28

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

RAYMOND D. CLARK,

                Plaintiff,

  v.

JOHN F. SCHUCK,

                Defendant.

_____/

Case Number: CV08-02547 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____8/14/2008_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raymond Donald Clark D-99370
California State Prison - Corcoran
P. O. Box 8800
Corcoran, Ca 93212

Dated: _____8/14/2008_____

                Richard W. Wieking, Clerk
           /s/By: Elizabeth Garcia, Deputy Clerk